IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SABRINA AFIFI,

          Plaintiff,

     v.

ZCA HOMES LLC, et al.,

          Defendants.

Case No.  25-cv-06702-CRB

**ORDER ADOPTING REPORT AND RECOMMENDATION; DISMISSING CASE**

Plaintiff filed an action against Defendants based on an alleged scheme of fraudulent conduct and racketeering related to her rental property.  Compl. (dkt. 1). Magistrate Judge Westmore reviewed the complaint and issued a Report and Recommendation ("R&R") to dismiss the case with prejudice.  R&R (dkt. 9).  Plaintiff did not object to the R&R.  Plaintiff brought five claims: fraudulent transfer, RICO, mail fraud, abuse of process, and a violation of 42 U.S.C. § 1983.  Compl. at 3–4.  Judge Westmore concluded that each of Plaintiff's claims fail.  See R&R.  The Court now adopts Judge Westmore's R&R and dismisses the case.

## I.    DISCUSSION

### A.    Fraudulent Transfer (Cal. Civ. Code § 3439 et seq.)

Judge Westmore determined that Plaintiff was not a creditor and lacked standing to bring this claim.  R&R at 3.  The Court agrees.  "The California fraudulent transfer laws on their face only confer standing on a creditor."  Infinity Glob. Consulting Grp., Inc. v. Tilray, Inc., 2021 WL 880391, at *7 (C.D. Cal. Jan. 7, 2021) (citing In re Dunn, 2006 WL 6810930, at *8 (9th Cir B.A.P. Oct. 31, 2006)).  Plaintiff fails to plead that she is a creditor.  To the contrary, she alleges she is a tenant at her rental property.  Compl. at 2.

Accordingly, this claim fails.

**B.     RICO (18 U.S.C. § 1962)**

Judge Westmore concluded that Plaintiff failed to allege any element of a RICO claim because Plaintiff was just bringing a landlord-tenant dispute.  R&R at 3–4.  The Court agrees.

For a civil RICO claim, a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  Odom v. Microsoft Corp., 486 F.3d 541, 547 (9th Cir. 2007) (en banc).  "Rule 9(b)'s requirement that '[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity' applies to civil RICO fraud claims."  Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065-66 (9th Cir. 2004) (internal citation omitted).

Plaintiff's allegations fail because they are conclusory and lack specificity.  Plaintiff does not sufficiently allege the existence of an enterprise.  In a conclusory fashion, she merely alleges that Defendants "coordinated litigation abuse, fraudulent filings, and property transfers."  Compl. at 3.  Moreover, "cases which allege only one scheme, perpetrated on one victim, are usually insufficient to establish a pattern."  Menjivar v. Trophy Props. IV DE, LLC, No. C 06-03086 SI, 2006 WL 2884396, at *9 (N.D. Cal. Oct. 10, 2006).  As Plaintiff alleges she is the only victim of a single scheme, she cannot demonstrate a pattern.  Plaintiff also fails to establish that any of Defendants' actions implicated interstate commerce.  Currier v. Whim Co., No. C 04-01366 SI, 2004 WL 1212058, at *4 (N.D. Cal. May 25, 2004) ("[P]laintiff fails to allege that the involvement of interstate commerce that is essential to a RICO claim.").

Accordingly, the Court dismisses this claim.

**C.     Mail Fraud (18 U.S.C. § 1341)**

Judge Westmore rejected Plaintiff's claim for mail fraud as a matter of law.  The Court agrees.  "[T]here is no private right of action for mail fraud."  Wilcox v. First Interstate Bank, 815 F.2d 522, 533 n. 1 (9th Cir. 1987).

2

United States District Court
Northern District of California

**D.    Abuse of Process**

Judge Westmore determined that Plaintiff failed to make out a claim for abuse of process.  The Court agrees.

Plaintiff's claim stems from her allegation that "Defendants used legal procedures—including unlawful detainer complaints, remand motions, and discovery tactics—for improper purposes."  Compl. at 4.  But statements in unlawful detainer actions are privileged and "cannot form the basis for an abuse of process claim."  Rucker v. Wells Fargo Bank, N.A., 2012 WL 12919236, at *5 (C.D. Cal. Jan. 13, 2012), aff'd sub nom. Rucker v. Wells Fargo Bank, NA, 605 F. App'x 670 (9th Cir. 2015).  Additionally, all the unlawful detainer cases Plaintiff removed were remanded due to a lack of subject matter jurisdiction.  See R&R at 5.  And it was this Court that previously rebuked Plaintiff for her bad faith and abusive conduct.  See Chiang v. Afifi, No. 25-CV-02074-CRB, 2025 WL 1207540, at *2 (N.D. Cal. Apr. 25, 2025).  Lastly, Plaintiff does not explain what discovery tactics took place and what made them improper.

Consequently, this claim fails.

**E.    Civil Rights Violation (42 U.S.C. § 1983)**

Judge Westmore recommended dismissal of this claim because Plaintiff failed to show Defendants were acting under the color of state law.  R&R at 6.  The Court agrees.

A plaintiff "suing a private individual under § 1983 must demonstrate that the private individual acted under color of state law; plaintiffs do not enjoy [constitutional] protections against private conduct abridging individual rights."  Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) (internal citations and quotation marks omitted).  Plaintiff does not allege how Defendants, who are private individuals and entities, acted under color of state law.  She vaguely notes that private individuals can be liable if they conspire with state officials, but provides no detail as to the instant case.  Compl. at 4.  Plaintiff also says misuse of judicial process can give rise to Section 1983 liability but merely seeking remedies from a court does not implicate state action.  See Ohno v. Yasuma, 723 F.3d 984, 996 (9th Cir. 2013) ("Although the court assuredly performs a public purpose, a private

individual seeking a remedy from a court is seeking gain for him or herself, a purely private act"). Accordingly, Plaintiff fails to state a Section 1983 claim.

## II.    CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R&R and **DISMISSES** the case without prejudice. While amendment to maintain diversity jurisdiction appears futile, Plaintiff may refile in state court.

**IT IS SO ORDERED.**

Dated: March 31, 2026

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

4